UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: Debbie Roberson v. Novartis Consumer Health, Inc., et al. No. 3-cv-0606 | MDL NO. 1407 ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Defendant Novartis Consumer Health, Inc. ("Novartis") moves this court for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Specifically, Novartis claims that plaintiff is unable to establish that she suffered a stroke, an essential element of her claim. Defendant Pliva, Inc. f/k/a Sidmak Laboratories, Inc. ("Sidmak") joins in the motion. Having reviewed the motion, the response filed, and the reply thereto, the court hereby finds and rules as follows:

I. BACKGROUND

Plaintiff initiated this action on November 25, 2002 by filing a Complaint in the United States District Court for the District of New Jersey. A First Amended Complaint was filed thereafter. In her Complaint, plaintiff alleges that she suffered

ORDER
Page - 1 -

a stroke on October 15, 1992 as a result of ingesting Dexatrim, a PPA-containing product manufactured by Sidmak, and Triaminic, a PPA-containing product manufactured by Novartis. Plaintiff alleged in the Plaintiff's Fact Sheet ("PFS") that the stroke was diagnosed by her family physician, Dr. Hau P. Dang, on October 16, 1992.

Medical records obtained from Dr. Dang's office by defendants do not show that plaintiff suffered a stroke on October 15, 1992 (or any other date). The records reflect that plaintiff was not seen by Dr. Dang on October 16, 1992. Although plaintiff was seen by Dr. Dang on October 30, 1992, no cerebrovascular accident is mentioned in the records. In fact, no where in Dr. Dang's medical records does he diagnose a stroke.

Plaintiff later amended her PFS to allege that she was seen in the Emergency Room at Christus St. Elizabeth Hospital on October 15, 1992 for treatment of stroke-like symptoms. However, the medical records obtained from Christus St. Elizabeth Hospital show that (1) plaintiff was not seen on October 15, 1992, and (2) she was not diagnosed with a stroke on that date.[1]

II.    ANALYSIS

---

[1] Since 1992, plaintiff has been seen by a number of physicians and other healthcare providers, primarily to receive treatment for asthma. Many of these healthcare professionals asked plaintiff to recount her medical history. In response, plaintiff has reported her history of asthma, high blood pressure, anxiety, high cholesterol, migraine headaches, arthritis, and shortness of breath. But nowhere, in any medical history, has plaintiff reported having suffered a stroke.

ORDER
Page - 2 -

A.   Summary Judgment Standard

Summary Judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Judgment in favor of the moving party is mandatory if plaintiff fails to produce competent evidence to support the existence of an element required to sustain her cause of action. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

Despite having ample time for discovery, plaintiff has not come forward with *one scintilla* of evidence to support the allegation that she suffered a stroke.[2] Consistent with this court's prior <u>Daubert</u> ruling, plaintiffs in MDL 1407 must prove that they suffered a stroke within 72 hours of ingesting a PPA-containing product. In this case, plaintiff has completely failed to prove that she suffered a stroke at any time, much less within 72 hours of allegedly ingesting a PPA-containing product. The only "evidence" offered by plaintiff in opposing this summary judgment motion, is her counsel's assertion that "[p]laintiff continues to represent that she suffered a stroke in 1992 as a result of ingesting a PPA-containing Novartis product." Plaintiff's Response at ¶5. However, such representations alone

---

[2]Plaintiff has had over two and a half years to identify and produce evidence in support of her claim.

ORDER
Page - 3 -

are insufficient, as a matter of law, to oppose a motion for summary judgment. Fed. R. Civ. Pro. 56(e) mandates the entry of summary judgment in favor of the moving party, after adequate time for discovery, where–as here–the nonmoving party fails to present evidence sufficient to establish the existence of an essential element of her case with respect to which she bears the burden of proof. <u>Celotex</u>, 477 U.S. at 323.

### III.   CONCLUSION

Plaintiff has failed to proffer any evidence that she suffered a stroke, the injury she claims she suffered as a result of ingesting a PPA-containing product. Proof of an injury is an essential element of any cause of action against defendants. Therefore, plaintiff has not, and cannot, establish a prima facie case for recovery. Accordingly, the court GRANTS the motion for summary judgment and hereby dismisses plaintiff's case with prejudice in its entirety.

DATED at Seattle, Washington this 13th day of May, 2005.

_____
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT
JUDGE

ORDER
Page - 4 -